PIERRE v. TEMPLEMAN BROS., Inc.

No. 16122.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1935.

Henry J. Wyman, of Gretna, for appellant.

Maurice B. Gatlin, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a laborer, claims that, while standing on a wharf on the river front in the city of New Orleans, he was struck by the rear wheel of a truck and trailer belonging to defendant and operated by one of defendant's employees. He alleges that the vehicle was negligently operated, and that defendant, is therefore liable.

Defendant corporation denies that its employee operating the truck was in any way at fault.

In the court below there was judgment for defendant, and plaintiff has appealed.

The trailer in question rested on two rear wheels, the front being attached to the truck by a king-pin, the truck itself having four wheels.

Plaintiff states that with his back towards the vehicle, which was making a turn, he was standing on the outside of the arc of the curve on which the truck was turning. Thus, his contention is that although the front and rear wheels of the tractor passed him, the rear wheel of the trailer swung out to such an extent as to come into contact with his heel.

The record shows conclusively that the vehicle was moving slowly. One of plaintiff's witnesses stated that "it was not running fast." Another of his witnesses testified that it "was running about three or four miles an hour, something like that."

It is conclusively shown that the surface on which the truck was being operated was dry, and it also appears that the rear end of the trailer was not wider than its front end or wider than the truck which was pulling it. It was, therefore, physically impossible for the rear end to swing further out than did the front end.

*Rehearing denied Dec. 16, 1935. Writ of error refused by Supreme Court Feb. 3, 1936.

In Masaracchia v. Inter-City Express Lines, 162 So. 221, 224, we said: "The physical fact that the rear portion of a vehicle which is making a turn cannot, unless it skids or unless it is wider than the front, describe an arc outside that described by the front portion is obvious."

The judge of the court, a qua, supervised a test which was made with the same tractor and trailer, and, after doing so, made the following statement: "After the demonstration, the court is of the opinion that it would be physically impossible for the wheel in question to have run over the heel of the plaintiff unless it would have been shown that the roadway was slippery and that the truck was operated at a fast rate of speed and had skidded and there is no evidence in this record to that effect."

Whether the plaintiff moved backwards into the trailer, we are unable to determine from the record, but it is quite evident that the accident did not occur as he claims that it did. The conclusion reached below seems to be based on a clear preponderance of the evidence. At any rate, it is certainly not manifestly erroneous.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.

McCALL, Judge ad hoc, participating in absence of LECHE, Judge.